In the Matter of the Application of the City of New York, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Public Park Located between Beach Channel Drive and the United States Bulkhead Line of Jamaica Bay and between Lines Which Are Approximate Prolongations of the Westerly Sides of Beach 116th Street and of Beach 124th Street, in the Borough of Queens, City of New York. The City of New York, Appellant; Bayside Estates, Inc., and Others, Respondents.— Motion for reargument denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

In the Matter of the Westchester County Bar Association, with Respect to Joseph E. Deady, an Attorney, Respondent.— Had respondent been frank and admitted what was clearly the fact, as found by the learned official referee, that he had paid a layman for soliciting and procuring for prosecution by him as an attorney a few claims for personal injuries and awards of unknown owners in condemnation proceedings, the court would have been disposed to follow the recommendation that respondent be censured. However, the court may not overlook the unwarranted denials and, therefore, directs that respondent be suspended from the practice of the law but, because of his good reputation, limits the period to three months. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

In the Matter of the Application of Brooklyn Bar Association in Respect of Sidney Gondelman, an Attorney and Counselor at Law, Respondent.— Motion referred to the court that rendered the decision on the prior motion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ. Order of this court dated April 15, 1940 [ante, p. 833], denying motion for reargument or for leave to appeal to the Court of Appeals, resettled to the extent indicated in order to be signed. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ. [See 258 App. Div. 1085; ante, p. 726; ante, p. 832.]

In the Matter of the Judicial Settlement of the Account of Proceedings of Staten Island National Bank and Trust Company, as General Guardian of Walter Hansen, an Infant. Walter Hansen, Appellant; Staten Island National Bank and Trust Company, as General Guardian of Walter Hansen, an Infant, etc., Respondent.— Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

In the Matter of the Rehabilitation of Lawyers Mortgage Company. In the Matter of a Proposal or Plan by Mortgage Commission of the State of New York to Exercise Certain of Its Limited Powers with Respect to a Mortgage Covering Premises Known as No. 8718 Ridge Boulevard, in the Borough of Brooklyn, County of Kings, City and State of New York, Securing Mortgage Investments Issued and Guaranteed by Lawyers Mortgage Company and Designated as Mortgage No. 200643. Brooklyn Trust Company, as Trustee under Declaration of Trust Dated November 21, 1938, Appellant; Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Lawyers Mortgage Company, Louis H. Pink, Superintendent of Insurance of the State of New York, as Successor to the Mortgage Commission of the State of New York under and Pursuant to the Provisions of Chapter 19 of the Laws of 1935, as Amended by Chapter 944 of the Laws of 1939, Respondents.—Motion for leave to appeal to

the Court of Appeals granted. [See *ante*, p. 735.] Question to be certified. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ. Settle order on notice.

In the Matter of the Application of ETHEL PALETZ, as Assignee of THE GERLACH-BARKLOW COMPANY, Appellant, for a Mandamus Order against IRA E. RIKER, as Clerk of the Municipal Court of the City of New York, Borough of Queens, Fourth District, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

In the Matter of the Summary Proceeding by JOHN SKINNER, Respondent, v. LAURA SEAMAN, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

In the Matter of the Application of BELLE BROOKS, Appellant, for an Order Compelling Delivery of Specific Personal Property to Her by the Executor under the Will of WILLIAM B. STEWART, Deceased. PAUL W. STEWART, Individually and as Executor, etc., of WILLIAM B. STEWART, Deceased, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

GERTRUDE J. KORADE, as Administratrix, etc., of WILLIAM H. KORADE, Deceased, Appellant, v. HERBERT LOVELL and Another, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

ANNA PINKIERT, Respondent, Appellant, v. MAX PINKIERT, Individually and as Trustee under Trust Agreement Dated the 11th Day of August, 1930, Appellant, Respondent.— Motion for reargument denied, without costs. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY HIRSCHBERG, as District Attorney of Orange County, Petitioner, for an Alternative Prohibition Order, v. THE EXTRAORDINARY TRIAL AND SPECIAL TERM OF THE SUPREME COURT OF THE STATE OF NEW YORK IN ORANGE COUNTY; Hon. ELY W. PERSONIUS, Individually and as Justice of Said Supreme Court; Hon. JOHN J. BENNETT, JR., Individually and as Attorney-General of the State of New York; the ORANGE COUNTY COURT, Hon. HENRY B. MERRITT, Individually and as Special County Judge of Orange County; MICHAEL A. DEVASTO and HENRY GRUSKY, as Attorney for MICHAEL A. DEVASTO, Respondents.— Petition for alternative prohibition order dismissed, without costs. An order of prohibition will not issue where an adequate remedy by appeal is available to the party aggrieved. Recourse to such a remedy with reference to the acts of which complaint is made has been had in the mandamus proceeding, and all questions raised in this proceeding can be determined on that appeal. The petitioner herein may not have been a necessary party to the mandamus proceeding. He was, however, a proper party in order that he might advance any contentions in relation to the claimed prerogatives of his office in respect of the subject-matter of the proceeding in mandamus. Accordingly in that mandamus proceeding, under section 192 of the Civil Practice Act, he will be brought in as a party and afforded the opportunity to assert that which he claims herein. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.